**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ANNA RASULOVA, aka
ANYA RASULOVA

V. C.A. No: CA 08 337T

ANASTASIYA KARPONOSOVA, aka
ANASTASIA KARPONOSOVA alias Jane Doe,
MARGARET BARRY, alias Jane Doe,
JANE BARRY, alias Jane Doe,
THOMAS FORLINI, alias John Doe, &
ANTHONY DiIORIO, Alias John Doe

**COMPLAINT**

**PARTIES AND JURISDICTION**

1. Plaintiff, ANNA RASULOVA, aka ANYA RASULOVA, is a resident of the State of California.

2. Defendant, ANASTASIYA KARPONOSOVA, aka ANASTASIA KARPONOSOVA, is upon information and belief, a citizen of the State of Delaware and a resident of the District of Columbia.

3. Defendant, MARGARET BARRY, is upon information and belief, a citizen of the Commonwealth of Massachusetts and a resident of the State of New York.

4. Defendant, JANE BARRY, is upon information and belief, a citizen of the Commonwealth of Massachusetts.

5. Defendant, ANTHONY DiIORIO, is upon information and belief, a citizen of the State of Rhode Island.

6. Defendant, THOMAS FORLINI, is upon information and belief, a citizen of the State of Rhode Island.

7. On or about January 27, 2006, Plaintiff was a passenger in a motor vehicle owned by and registered to Jane Barry, which Anastasiya Karponosova was operating with the consent of Margaret Barry.

8. At said date, time and place, Anastasiya Karponosova was operating said motor vehicle upon and along Memorial Boulevard in the vicinity of Steeple Street, both public highways, so-called, located in the City of Providence, Rhode Island.

9. At said date, time and place, Thomas Forlini was operating a motor vehicle owned by and registered to Anthony DiIorio, with the consent of Anthony DiIorio.

10. At all material times, Plaintiff was in the exercise of due care.

11. This Court has jurisdiction over this claim pursuant to 28 U.S.C.A. §1332 because the amount in controversy exceeds $75,000.00 and because the parties are citizens of different states.

12. This Court has venue over this claim pursuant to 28 U.S.C.A. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in this State.

## COUNT I

13. Paragraphs 1 through 12 are hereby re-alleged and are incorporated by reference as if fully set forth herein.

14. At said date, time and place, Anastasiya Karponosova did negligently maintain and drive, or cause the motor vehicle that she was operating to be driven, so that it collided with the motor vehicle being operated by Thomas Forlini.

15. At said date, time and place, Anastasiya Karponosova had a duty to operate said motor vehicle in a reasonably prudent manner.

16. Anastasiya Karponosova breached the aforesaid duty.

17. As a direct and proximate result of Anastasiya Karponosova's said negligence, Plaintiff sustained severe and grievous permanent personal bodily injuries, has suffered, continues to suffer and will suffer great pain of body and mind and loss of capacity for the enjoyment of life, has incurred and is incurring, and in the future will continue to incur, great expenses and sums of money for the medical care and treatment of said injuries, has sustained and will sustain lost wages, and has been otherwise damnified.

WHEREFORE, Plaintiff demands judgment against the Defendants, Anastasiya Karponosova, Margaret Barry and Jane Barry, jointly and severally, in an amount sufficient to satisfy her damages, plus interest thereon, costs, attorney's fees, and such other relief as this Court may deem just, proper and equitable under the circumstances.

## COUNT II

18. Paragraphs 1 through 17 are hereby re-alleged and are incorporated by reference as if fully set forth herein.

19. At said date, time and place, Margaret Barry did negligently consent to Anastasiya Karponosova's operation of the motor vehicle owned by and registered to Jane Barry.

20. At said date, time and place, Margaret Barry had a duty to ensure that said motor vehicle was operated in a reasonably prudent manner.

21. Margaret Barry breached the aforesaid duty.

22. As a direct and proximate result of Margaret Barry's said negligence, Plaintiff sustained severe and grievous permanent personal bodily injuries, has suffered, continues to suffer and will suffer great pain of body and mind and loss of capacity for the enjoyment of life, has incurred and is incurring, and in the future will continue to incur, great expenses and sums of money for the medical care and treatment of said injuries, has sustained and will sustain lost wages, and has been otherwise damnified.

WHEREFORE, Plaintiff demands judgment against the Defendants, Anastasiya Karponosova, Margaret Barry and Jane Barry, jointly and severally, in an amount sufficient to satisfy her damages, plus interest thereon, costs, attorney's fees, and such other relief as this Court may deem just, proper and equitable under the circumstances.

**COUNT III**

23. Paragraphs 1 through 22 are hereby re-alleged and are incorporated by reference as if fully set forth herein.

24. At all material times, Jane Barry was the registered owner of the motor vehicle being operated by Anastasiya Karponosova.

25. At all material times, Anastasiya Karponosova was operating the motor vehicle owned by and registered to Jane Barry with the knowledge and consent of Margaret Barry and Jane Barry pursuant to R.I.G.L. §31-33-6 & R.I.G.L. §31-33-7.

WHEREFORE, Plaintiff demands judgment against the Defendants, Anastasiya Karponosova, Margaret Barry and Jane Barry, jointly and severally, in an amount sufficient to satisfy her damages, plus interest thereon, costs, attorney's fees, and such other relief as this Court may deem just, proper and equitable under the circumstances.

**COUNT IV**

26. Paragraphs 1 through 25 are hereby re-alleged and are incorporated by reference as if fully set forth herein.

27. At said date, time and place, Thomas Forlini did negligently maintain and drive, or cause the motor vehicle owned by and registered to Anthony DiIorio that he was operating to be driven so that it collided with the motor vehicle being operated by Anastasiya Karponosova.

28. At said date, time and place, Thomas Forlini had a duty to operate said motor vehicle in a reasonably prudent manner.

29. Thomas Forlini breached the aforesaid duty.

30. As a direct and proximate result of Thomas Forlini's said negligence, Plaintiff sustained severe and grievous permanent personal bodily injuries, has suffered, continues to suffer and will suffer great pain of body and mind and loss of capacity for the enjoyment of life,

has incurred and is incurring, and in the future will continue to incur, great expenses and sums of money for the medical care and treatment of said injuries, has sustained and will sustain lost wages, and has been otherwise damnified.

WHEREFORE, Plaintiff demands judgment against the Defendants, Thomas Forlini and Anthony DiIorio, jointly and severally, in an amount sufficient to satisfy her damages, plus interest thereon, costs, attorney's fees, and such other relief as this Court may deem just, proper and equitable under the circumstances.

**COUNT V**

31. Paragraphs 1 through 30 are hereby re-alleged and are incorporated by reference as if fully set forth herein.

32. At all material times, Anthony DiIorio was the registered owner of the motor vehicle being operated by Thomas Forlini.

33. At all material times, Thomas Forlini was operating the motor vehicle owned by and registered to Anthony DiIorio with the knowledge and consent of Anthony DiIorio pursuant to R.I.G.L. §31-33-6 & R.I.G.L. §31-33-7.

WHEREFORE, Plaintiff demands judgment against the Defendants, Thomas Forlini and Anthony DiIorio, jointly and severally, in an amount sufficient to satisfy her damages, plus interest thereon, costs, attorney's fees, and such other relief as this Court may deem just, proper and equitable under the circumstances.

Plaintiff,
By her attorneys,

Carl S. Levin, Esq. (#3336)
Armstrong, Gibbons & Gnys, LLP.
155 South Main Street, Suite 301
Providence, Rhode Island 02903
(401) 751-1500 Ext. 26
(401) 751-4124 Facsimile
*clevin@agglaw.com*

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

Dated: September 9, 2008